# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **HENRY JAMES** | **CIVIL ACTION NO. 05-550-LC** |
| **VS.** | **SECTION "P"** |
| **RICHARD STALDER, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM ORDER

Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* by pro se plaintiff, Henry James, on March 21, 2005. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Plaintiff alleges his civil rights were violated while incarcerated at CPP, and he names the following as defendants herein: DOC Secretary Richard Stalder; CPP Warden Jim Rogers; CPP Deputy Warden Robert Henderson; CPP Officers Johnny Smith, Dennis Cloud, Richardson, Hext, Benoit, and Bennett; and the CPP Rector.

*In forma pauperis* status was afforded plaintiff by an order of this court dated April 27, 2005. [Doc. #4]. The rules and procedures applicable to the granting of *in forma pauperis* status to inmates in cases brought pursuant to 42 U.S.C. §1983 are set forth in 28 U.S.C. §1915. This statute provides in part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. §1915(g).

A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, but he must do so without the aid of the *in forma pauperis* procedures. *Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir.1996). Plaintiff herein has previously filed over ten lawsuits in the Western, Middle and Eastern District Courts of Louisiana. The majority of these cases have been civil rights matters, and at least four of those civil rights suits have been dismissed as frivolous.[1] Further, on April 6, 1999, this plaintiff was denied *in forma pauperis* status pursuant to the three strike rule of 28 U.S.C. §1915(g) in a civil rights claim filed in the Eastern District of Louisiana in the matter entitled *Henry L. James, Jr. v. J. Taylor*, *et al.*, 99-cv-848. [Doc. #2].

Based upon the foregoing, it is abundantly clear that this plaintiff, on three or more prior occasions while incarcerated, brought actions in the United States courts which have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. As previously stated, the only exception is for cases where the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Even liberally construed, plaintiff's current claims do not allege sufficient facts to establish the "imminent danger" exception to §1915(g).

Therefore,

**IT IS ORDERED** that the order of April 27, 2005 [Doc. #4] granting this plaintiff *in forma pauperis* status is hereby rescinded and vacated.

---

[1] See, 94-cv-556, *James v. Terrel, et al,* [Docs.19 & 22, the Report & Recommendation and the Judgment issued by this court dismissing the case as frivolous]; 96-cv-27, *James v. Bates, et al*, [Docs. 5 & 6, the Opinion and the Judgment issued by the Middle District dismissing the case as frivolous]; 95-cv-400, *James v. Terrel, et al,* [Docs. 28 & 35, the Report & Recommendation and the Judgment issued by this court dismissing the majority of plaintiff's claims as frivolous]; and, 96-cv-946, *James v. Gradney, et al,* [Docs.7 & 10, the Report and Recommendation and the Partial Judgment issued by this court dismissing the majority of plaintiff's claims as frivolous].

**IT IS FURTHER ORDERED THAT** this plaintiff's motion to proceed *in forma pauperis* be and it is hereby **DENIED**, and the plaintiff is granted twenty (20) days from the date of this Order within which to pay $250.00 (two hundred and fifty dollars), the full amount of the Court's filing fee. **Plaintiff's failure to pay the required amount within twenty (20) days shall result in the dismissal of his complaint without further notice from the Court.**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of October, 2005.**

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE